NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
OMAR CROMER,                :
                            :      Civ. Action No. 19cv8392 (RMB)
            Petitioner      :
                            :
      v.                    :      **MEMORANDUM AND ORDER**
                            :
STATE OF NEW JERSEY, *et al.*, :
                            :
            Respondents     :
_____ :

Petitioner Omar Cromer, a prisoner incarcerated in South Woods State Prison, seeks to bring a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, challenging his 2014 conviction and sentence for aggravated sexual assault in the New Jersey Superior Court, Camden County. (Pet., ECF No. 1.) Petitioner did not pay the $5.00 filing fee[1] or submit an application to proceed *in forma pauperis* ("IFP"). (Pet., ECF No. 1.) 28 U.S.C. § 1915(a) provides, in relevant part:

> (1) . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a

---

[1] 28 U.S.C. § 1914(a) provides, in relevant part, "[t]he clerk of each district court shall require the parties instituting any civil action, … on application for a writ of habeas corpus the filing fee shall be $5."

> person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Petitioner stated in Paragraph 13 of the petition that he has not presented all grounds for relief to the state's highest court having jurisdiction. 28 U.S.C. § 2254(b)(1)(A) provides,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State…."

This provision requires a state prisoner to present his claims at every level of a state's ordinary appellate review procedure, including a petition for discretionary review in the state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 840 (1999). A district court may not entertain a "mixed habeas petition," a petition that contains both exhausted and unexhausted claims. Rose v. Lundy,

2

455 U.S. 509, 510 (1982).

There are repercussions if Petitioner chooses to proceed solely on his exhausted claims at this time and bring a second petition after exhausting his unexhausted claim(s). 28 U.S.C. § 2244(b)(2) provides:

> [a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

There are also potential statute of limitations concerns if Petitioner chooses to withdraw the present petition and to refile his petition after exhausting his unexhausted claims in the state courts. 28 U.S.C. § 2254(d)(1), (2) provides,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

period shall run from the latest of—

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner, therefore, must decide whether to (1) amend his petition to raise only his exhausted claims or (2) withdraw his petition until his unexhausted claims have been exhausted; or (3) seek a stay and abeyance of his petition until his unexhausted claims have been exhausted. A district court will grant a stay and abeyance (1) when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in

4

state court; (2) the district court determines that the unexhausted claim(s) is not plainly meritless; and (3) the stay must be subject to reasonable time limits. Rhines v. Weber, 544 U.S. 269, 277 (2005).

**IT IS** therefore on this **18th day of April 2019,**

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified 6-month trust account statement, or (2) the $5.00 filing fee; and (3) a writing stating whether Petitioner wishes to (1)

5

withdraw the petition while he exhausts his unexhausted claim(s); or (2) submit an amended petition containing only his exhausted claims; or (3) submit a motion seeking a stay and abeyance of the petition until Petitioner exhausts his unexhausted claim(s); and it is further

**ORDERED** that upon receipt of a writing within the allotted time from Petitioner, stating that he wishes to reopen this case and submitting a complete *in forma pauperis* application or payment of the filing fee, and stating Petitioner's choice with respect to how he will proceed on the mixed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, together with a blank form "Affidavit of Poverty and Certification (HABEAS CORPUS)" upon Petitioner by regular U.S. mail.

                                                           <u>s/Renée Marie Bumb</u>
                                                           **RENÉE MARIE BUMB**
                                                           **United States District Judge**