<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| OMAR X. CROMER, | : | |
| | : | Civil Action No. 19-8392(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, <u>et al</u>., | : | |
| | : | |
| Respondents | : | |

**BUMB**, District Judge

Petitioner, Omar X. Cromer, is a state prisoner currently incarcerated in South Woods State Prison, in Bridgeton, New Jersey. He is proceeding <u>pro se</u> with a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed an Answer opposing relief, (ECF No. 9.), and Petitioner filed a Reply, (ECF No. 10.). For the following reasons, the Court will deny the Petition without prejudice as completely unexhausted. Additionally, the Court will not issue a certificate of appealability.

I. FACTUAL AND PROCEDURAL BACKGROUND

The New Jersey Superior Court, Appellate Division, summarized the background of this matter, on post-conviction relief ("PCR") appeal, as follows:

> After the trial court denied a motion to suppress the highly incriminating statement he gave to law enforcement, defendant Omar Cromer pled guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), admitting under oath that he vaginally penetrated N.P., who was less than thirteen-years old, with his penis. Prior to sentencing and represented by different counsel, defendant moved to withdraw his guilty plea, claiming he was pressured to plead guilty by predecessor counsel, and he was innocent of the charges, citing reports in discovery of two examinations of the victim that revealed no physical injuries corroborating her claim of sexual penetration.
>
> The judge held a hearing on the motion, at which defendant reiterated he was innocent of the charge and only pled guilty under pressure from his attorney. Defendant acknowledged that he had the opportunity to review discovery and knew its contents prior to pleading guilty. After considering the factors outlined by the Court in State v. Slater, 198 N.J. 145, 157–62 (2009), the judge denied defendant's motion.
>
> Defendant was subsequently sentenced in accordance with the plea bargain to twelve years' imprisonment with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. We considered defendant's appeal on our Excessive Sentence Oral Argument calendar, affirming both defendant's sentence and denial of the motion to withdraw his guilty plea. State v. Omar Cromer, No. A-3710-14 (App. Div. Sept. 28, 2015).

State v. Cromer, No. A-1130-16T2, 2018 WL 2027259, at *1 (N.J. Super. Ct. App. Div. May 2, 2018) (alterations in original). Afterwards, it appears that Petitioner did not file a petition for

certification with the Supreme Court of New Jersey, on direct appeal.

On January 11, 2016, Petitioner filed a <u>pro se</u> PCR petition, raising the following claims:[1]

1.   Prosecutor's misconduct withholding primary exculpatory evidence from grand jury decision making functions in deception of presenting only [incriminating evidence].

2.   The Judge's improper "personal judgment" in so, react[ed to] the evidence precisely the way that <u>Slater</u> . . . sa[id] that he should not have reacted, by trying to conduct a mini trial on the evidence and approaching it with skepticism. From his comment that his experience in prior trials convinced him that this material evidence was not probative evidence.

3.   Ineffective assistance of counsel's wanton negligence, vague stammering approach in her line of questioning undermined proper functioning of [the] adversarial process of the <u>Miranda</u> hearing that [any] trial could not be relied on as having produced a just result.

4.   Defendant relied on counsel to raise the material evidence, prior to, or during the <u>Miranda</u> hearing on defendant's behalf. Counsel made no mention of the exonerating material, their performance w[as] unethical, an undue influence, [and a] wanton act.

5.   Ignored defendant's request to file . . . record requesting electronic monitoring program report, [for] proof of an alibi.

---

[1] The Court recites Petitioner's claims with minor alterations and omissions for readability. Additionally, the Court has numbered Petitioner's claims. The Court observes that Petitioner appears to use parentheses to indicate emphasis.

6.    [Counsel's] complete loyalty was not to the . . . defendant's innocence, deceptive advertising which lead to the (excited utterance) of the plea, not by defendant's own free will. Again[,] the outcry was caused by counsel's inadequate preparation for the *Miranda* hearing. . . . At that point, defendant had no other option [but to accept the plea agreement].

7.    [D]efendant's conviction based on false allegations and a statement, (suspicion) of the state bearing no proof in support of the allegations and statement. . . . According to the records . . . there [was] no (mention) of physical force being used, by the victim or her mother, but (noted) in the Camden Police incident report.

8.    Defendant stand[s] convicted, no additional proof, of physical force, gestures, threats, or use of any weapons putting the victim in . . . fear or physical necessity. Per, 2 medical reports there [was] no past or present concern of sexual abuse. Had Judge Natal reviewed those results, he would not have inserted his opinion with skepticism.

9.    If the elements [of a crime of violence] are missing, how is it a violent crime under the current language of (NERA factors).

(ECF No. 9-10, at 11–15.) After reviewing Petitioner's claims, on October 14, 2016, PCR court Judge Steven J. Polansky, denied the PCR petition. (ECF Nos. 9-14, 9-31.)

Thereafter, Petitioner filed a counseled PCR appeal, raising only the following claims:

POINT ONE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT
DEFENDANT'S REQUEST FOR AN EVIDENTIARY
HEARING.

POINT TWO

THE FAILURE OF TRIAL COUNSEL TO RETAIN AN
EXPERT WITNESS IN ADVANCE OF THE HEARING ON
DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY
PLEA, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL
RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

(ECF No. 9-17); <u>Cromer</u>, 2018 WL 2027259, at *1. Petitioner,
however, preserved only the second point on appeal, which argued
that "that counsel should have retained an expert regarding the
lack of physical findings of sexual penetration, and this would
have lent credible support to defendant's claim of actual
innocence." <u>Cromer</u>, 2018 WL 2027259, at *1.

Ultimately, the Appellate Division affirmed for the reasons
set forth by the PCR Judge, who opined that:

> even if counsel had retained an expert witness
> prior to arguing defendant's motion to
> withdraw, that expert would opine that the
> lack of physical findings did not negate the
> sexual assault and would not have lent support
> to defendant's claim of actual innocence.
> Therefore, counsel did not provide ineffective
> assistance when preparing, investigating and
> arguing defendant's motion to withdraw. <u>See,
> e.g.</u>, <u>State v. Echols</u>, 199 N.J. 344, 361
> (2009) (counsel does not provide ineffective
> assistance by failing to raise unsuccessful
> legal claims). Judge Polansky addressed all
> the other claims raised by PCR counsel and
> defendant in his pro se brief, before entering
> an order denying the petition.

Cromer, 2018 WL 2027259, at *2. Petitioner appealed that decision, raising the same two claims, and the Supreme Court of New Jersey denied certification on November 16, 2018.  State v. Cromer, 197 A.3d 677 (N.J. 2018).

Petitioner filed the instant § 2254 Petition on March 14, 2019. (ECF No. 1.) After screening the Petition, this Court observed that "Petitioner stated in Paragraph 13 of the petition that he has not presented all grounds for relief to the state's highest court having jurisdiction." Cromer v. New Jersey, No. 19-8392, 2019 WL 1746157, at *1 (D.N.J. Apr. 18, 2019). Faced with a potentially mixed petition, the Court advised Petitioner that:

> 28 U.S.C. § 2254(b)(1)(A) provides,
>
> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State...."
>
> This provision requires a state prisoner to present his claims at every level of a state's ordinary appellate review procedure, including a petition for discretionary review in the state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 840 (1999). A district court may not entertain a "mixed habeas petition," a petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Cromer, 2019 WL 1746157, at *1. The Court also notified Petitioner of the consequences of proceeding solely on his exhausted claims

6

and the hurdles he might encounter if he filed a second § 2254 petition after exhausting his unexhausted claims. Id. Additionally, the Court explained the limitations period and the potential consequences of withdrawing the Petition and then refiling it after exhausting his claims. Id. at *2.

In light of those issues, the Court gave Petitioner the opportunity to "(1) amend his petition to raise only his exhausted claims or (2) withdraw his petition until his unexhausted claims have been exhausted; or (3) seek a stay and abeyance of his petition until his unexhausted claims have been exhausted." Id.

Rather than choosing any of those options, Petitioner advised that he did not wish to raise any new claims and that he wanted the Court to proceed with the Petition as filed. (ECF No. 4.) Consequently, the Court ordered Respondents to file an answer but reserved the right to rule on "the issue of whether all of the . . . habeas claims are exhausted." (ECF No. 5, at 2.) Respondent filed an Answer, (ECF No. 9.), and Petitioner filed a Reply, (ECF No. 10.).

Petitioner raises the following claims in the instant § 2254 Petition:

> 1. Prosecutor failed to present exculpatory evidence to the grand jury. Within the discovery were the medical exam (results), in which [certain pages were] never shown nor read to the grand jury. (ECF No. 1, at 6.)

2. Challenging the length of the sentence. The No Early Release Act requires additional elements to meet the (NERA) factors, there's no (NERA) elements found in the charge itself, nor any admission of the use of physical force, threats, or weapons to cause bodily harm or injury. (Id. at 8.)

3. Defendant's (alibi) refutes the State's case. Giv[en] the time frame (by) the State, defendant was incarcerated. Also[,] counsel lie on record by stating a time frame never mentioned by the victim or defendant? (Id. at 9.)

The Court will refer to these claims as Petitioner's grand jury related, NERA excessive sentence, and alibi claims. Respondents contend that the Court should dismiss the Petition because Petitioner has failed to exhaust every claim in the Petition, i.e., he has not presented these claims to each level of the State's courts. Alternatively, Respondents argue that the claims are substantively meritless and procedurally defaulted.

II.  STANDARD OR REVIEW

Prior to bringing a federal habeas petition under 28 U.S.C. § 2254(b)(1)(A), a state prisoner must exhaust his state remedies. Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." § 2254(b)(2). More specifically, § 2254 provides that a writ of habeas corpus "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State," or

(2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998).

Section 2254(c) further provides that a petitioner has failed to exhaust "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Consequently, "if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply," a federal court may not grant habeas relief. Lambert v. Blackwell, 134 F.3d 506, 513–14 (3d Cir. 1997).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). For a petitioner in New Jersey state custody, one must fairly present his federal claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the Supreme Court of New Jersey. Toulson v. Beyer, 987 F.2d 984, 987–99 (3d Cir. 1993).

III. DISCUSSION

With the principles above in mind, Respondents contend that Petitioner has failed to exhaust his state court remedies as to any of his claims. Despite emphasizing that failure in their Answer, Petitioner did not address exhaustion anywhere in his Reply. (ECF No. 10.) Upon review of Petitioner's state court filings, Petitioner has never presented his grand jury related, NERA excessive sentence, or alibi claims, to the Appellate Division or to the Supreme Court of New Jersey, either on direct appeal or PCR appeal.

In his direct appeals, Petitioner argued only that his sentence was excessive and that the trial court erred by refusing to allow him to withdraw his guilty plea. (ECF Nos. 9-7, 9-8.) After the Appellate Division affirmed, Petitioner did not file a petition for certification to the Supreme Court of New Jersey on direct appeal.

In his PCR petition, Petitioner arguably raised his grand jury related, NERA excessive sentence, and alibi claims, but he never appealed the PCR Judge's decision on any of those issues. (Compare ECF No. 9-10, at 11–15, with ECF No. 9-17.) Instead, on PCR appeal, Petitioner argued only that the PCR Judge failed to conduct an evidentiary hearing and that trial counsel was ineffective for failing to hire an expert in advance of Petitioner's motion to withdraw his guilty plea. (ECF No. 9-17.);

10

_Cromer_, 2018 WL 2027259, at *1. Similarly, Petitioner did not raise his grand jury related, NERA excessive sentence, or alibi claims in his PCR petition for certification to the Supreme Court of New Jersey. (ECF Nos. 9-21, 9-22.); _State v. Cromer_, 197 A.3d 677 (N.J. 2018).

Consequently, Petitioner has not fairly presented his grand jury related, NERA excessive sentence, and alibi claims, to the Appellate Division or to the Supreme Court of New Jersey. As a result, the instant Petition is completely unexhausted. Further, Petitioner has not alleged, and it does not appear, that "there is an absence of available State corrective process," or that there are circumstances "that render such process ineffective to protect" Petitioner's rights. 28 U.S.C. § 2254(b)(1)(B).

The Court emphasizes that Respondents raised the issue of exhaustion in their Answer. (ECF No. 9, at 18–24.) Consequently, Petitioner "had an opportunity to file a response to show why his claims are not unexhausted," but he has failed to do so. _Kelsey v. Davis_, No. 19-10958, 2020 WL 5201921, at *5 (D.N.J. Sept. 1, 2020). Additionally, in the Court's earlier Opinion, the Court explicitly advised Petitioner of the requirement to exhaust his claims and the consequences of filing unexhausted claims. (ECF No. 3, at 3–4.) Nevertheless, Petitioner chose to proceed with his Petition as filed. (ECF No. 4.)

Similarly, the Court provided Petitioner with the opportunity to file a motion to stay and abey these proceedings and advised him of the consequences of failing to file such a motion. (ECF Nos. 3, 4.) Despite that warning, Petitioner did not file a motion to stay. Indeed, Petitioner makes no argument whatsoever that this Court should stay these proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Nor does it appear that Petitioner has any pending state PCR petitions.

For all of those reasons, the Court will deny the Petition "without prejudice as it is fully unexhausted." Kelsey, 2020 WL 5201921, at *5; Bustillo v. Nardelli, No. 18-13367, 2019 WL 113719, at *2 (D.N.J. Jan. 4, 2019) (citing Mathis v. Attorney Gen. of New Jersey, 732 F. App'x 138, 141-42 (3d Cir. 2018); Mallory v. Bickell, 563 F. App'x 212, 215 (3d Cir. 2014)) (denying without prejudice a § 2254 petition as fully unexhausted).

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

V. CONCLUSION

For the foregoing reasons, the Court will deny the Petition without prejudice as fully unexhausted. A certificate of appealability shall not issue. An appropriate order follows.


Date: June 9, 2021                    s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**